ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

DENISE M. OKI (CABN 311212)
Special Assistant United States Attorney

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-7196
> FAX: (415) 436-7234
> Email: Denise.Oki@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DA SETH, AKA DANIEL SETH,<br><br>    Defendant. | Case No. CR 17-0480 MMC<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date:  January 31, 2018<br>Time:  2:15 p.m.<br><br>Hon. Maxine M. Chesney |

**INTRODUCTION**

The United States respectfully requests that this Court accept the plea agreement submitted by the parties under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. On January 31, 2018, the defendant, Da Seth, will stand before the Court to be sentenced following his plea to Count One of the Indictment, false statement in application and use of passport, in violation of 18 U.S.C. § 1542, and Count Two of the Indictment, possession of identification document to defraud the United States, in violation of 18 U.S.C. §§ 1028(a)(4) and 1028(b)(5)  The defendant pled guilty on October 25, 2017.

The government is in agreement with Probation's sentencing recommendation of three years of probation with the special condition of community confinement for three months to be followed by three months of home detention, among the other recommended conditions. The government believes that this sentence is sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

**THE DEFENDANT'S OFFENSE CONDUCT**

On December 1, 2016, Da SETH applied for a United States passport at a United States Post Office in Modesto, California. At the time of application, SETH provided a California driver's license xxxx1479. On December 21, 2016, the Bureau of Consular Affairs / Office of Legal Affairs sent SETH a letter informing him that his application was denied because he had an active warrant in his name.

On January 24, 2017, just over one month later, SETH filled out an application for a United States passport and falsely identified himself as his brother. SETH used his brother's California driver's license (xxxx5185) and his brother's birth certificate, as proof of citizenship and identity. SETH used his own photograph in this passport application, under his brother's name. A facial recognition search revealed the December 21, 2016 passport application denial. SETH used the same photograph on both December 2016 and January 2017 applications.

**DISCUSSION**

**I.     The Defendant's Sentencing Guidelines Calculation.**

As set forth in the PSR and the written plea agreement, the Sentencing Guidelines calculations for the defendant's offense level is as follows:

|   |   |   |   |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2L2.2 | | 8 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2 | | N/A |
| c. | Acceptance of Responsibility: | | - 2 |
|    | If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a two-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing. | | |
| d. | Adjusted Offense Level: | | 6 |

## II. Plea Agreement

The plea agreement contemplates a sentence within the range associated with the Guideline calculation. The parties agree that the defendant should be subject to the following search condition:

> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

## III. SECTION 3553(A) FACTORS

Title 18, United States Code, section 3553(a) directs courts to consider a number of factors in determining an appropriate sentence. *See United States v. Booker*, 543 U.S. 220 (2005). In this case, these factors indicate that a sentence of one year of custody is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

The key 3553(a) factors here are the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1), the need for the sentencing goals to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment, § 3553(a)(2)(A), and the need to provide adequate deterrence to criminal conduct, § 3553(a)(2).

### A. The Nature and Circumstances of the Offense and Seriousness of the Offense Support the Recommended Sentence.

The defendant applied for a passport and when that passport application was denied due to the defendant's active warrant status, the defendant did not choose to take care of the warrant and re-apply for the passport once the warrant was cleared. Instead, the defendant chose to apply for passport under his brother's name, using his brother's birth certificate and driver's license, with the intent of inducing the government to provide him with a passport. The defendant clearly attempted to defraud the United States by falsely presenting himself to the San Francisco passport office on the third floor of the federal building at 450 Golden Gate Avenue and, by submitting the false application and his brother's identification documents, committed a serious crime.

//

**B.    The History and Characteristics of the Defendant Support the Recommended Sentence.**

The defendant has a long history of criminal conduct, starting when he was a juvenile.  PSR ¶¶ 32, 33, and 40.  It appears that this is the defendant's first federal offense as most of his convictions stem from conduct in his home town of Stockon, CA.  The defendant was convicted of trafficking in marijuana in Lucas County, OH in 2012.[1]  This was the conviction that prompted the active warrant against the defendant for which the State Department denied the defendant's passport application.  There has not been much time in the defendant's adult life when he was not in custody or on probation.  Therefore, the recommended sentence is appropriate in view of the defendant's long criminal history.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court sentence the defendant to a term of three years probation and the special conditions of probation of three months community confinement to be followed by three months of home detention, among the other recommended conditions, a $125 mandatory special assessment, and any fine the Court determines is appropriate.

DATED: January 24, 2018                                    Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

_____/s/_____
DENISE M. OKI
Special Assistant United States Attorney

---

[1] The government has reason to believe that there may be additional convictions by the defendant in Lucas County, OH.  However, the government is not in a position to assert beyond a preponderance of evidence that the "Daniel Seth" convicted in OH is the defendant "Da Seth."  The government therefore defers to Probation's criminal history report reflected in the PSR.

UNITED STATES' SENTENCING MEM.                5
CR 17-0480 MMC